# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Larry James Washington, | 2:17-cv-01589-JAD-NJK |
| Petitioner | **Order** |
| v. | [ECF Nos. 1, 2] |
| Jo Gentry, et al., | |
| Respondents | |

Pro se Nevada state prisoner Larry James Washington brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his 2013 kidnapping and battery convictions pursuant to a guilty plea. Washington filed an application to proceed *in forma pauperis* (ECF No. 1) with his habeas corpus petition (ECF No. 1-1) and moves for court-appointed counsel (ECF No. 2).

## I.    Application to proceed *in forma pauperis*

Washington's application to proceed *in forma pauperis* shows that he is able to pay the $5 filing fee for this action. Therefore, the *in forma pauperis* application will be denied, and Washington will be granted time to pay the $5 filing fee. To pay the filing fee, Washington must have $5 sent to the Clerk of the Court, with a cover letter setting forth the case number of this action. If Washington believes that, since he filed his *in forma pauperis* application, he has become unable to pay the $5 filing fee, he may, alternatively, file a new application to proceed *in forma pauperis.* If Washington fails to pay the filing fee or file a new *in forma pauperis* application within the time allowed, this action will be dismissed.

## II.    Request for counsel

Washington also asks for court-appointed counsel to represent him in this action. There is no constitutional right to counsel for a federal habeas corpus proceeding.[1] The district court

---

[1] *Penn. v. Finley*, 481 U.S. 551, 555 (1987).

has discretion to appoint counsel if the "interests of justice require representation," and the court must appoint counsel if the case is so complex that denial of counsel would amount to a denial of due process.[2]  The court has reviewed the petition prepared by Washington.  It appears that he has the ability to communicate his issues, which are not so complex that denial of counsel would amount to a denial of due process.  Accordingly, I do not find that the interests of justice require representation in this case, and I deny the motion to appoint counsel.

**IT IS THEREFORE ORDERED** that petitioner's Application to Proceed *In Forma Pauperis* **[ECF No. 1] is DENIED**.  Petitioner has until August 14, 2017, to either pay the $5 filing fee for this action or file a new application to proceed *in forma pauperis*, or this case will be dismissed.  The Clerk of the Court is directed to **SEND** to petitioner, along with a copy of this order, two form *in forma pauperis* applications.

**IT IS FURTHER ORDERED** petitioner's motion to appoint counsel **[ECF No. 2] is DENIED.**

DATED: July 13, 2017

_____
Jennifer A. Dorsey
United States District Judge

---

[2]  *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987).

2